IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WARD CHRYSLER CENTER, INC.,

    Plaintiff,

v.

ADP DEALER SERVICES, INC.,

    Defendant.                            Case No. 12-cv-32-DRH-DGW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### i. INTRODUCTION

Before the Court is defendant ADP Dealer Services, Inc.'s motion to dismiss the complaint (Doc. 9, Reply Doc. 18). As plaintiff Ward Chrysler Center, Inc., has responded, the motion is ripe for judicial resolution (Doc. 16). For the following reasons, defendant's motion is **DENIED in part and GRANTED in part**.

### ii. BACKGROUND

Plaintiff's three count complaint arises from a contract the parties entered into in April, 2009. Plaintiff, "contracted with [defendant] to provide hardware, software and services for installation of a fully integrated telephone system at [p]laintiff[']s automobile dealerships at Carbondale, Illinois and Cape Girardeau, Missouri" (Doc. 2-1, pp. 3-4). Plaintiff's complaint consists of Count 1: Negligent

Misrepresentation; Count II: Negligence; and Count III: Breach of Contract (Doc. 2-1).

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 9(b), 10(b), and 12(b)(6), defendant instantly seeks dismissal of plaintiff's complaint in its entirety (Doc. 9). As to Counts I and II, defendant alleges the economic loss doctrine of *Moorman Mfg. Co. v. Natl. Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982), bars plaintiff's requested relief.[1] As to Count III: Breach of Contract, defendant argues plaintiff has not stated a plausible claim for relief under RULE 12(b)(6). Plaintiff naturally disagrees with defendant's legal assertions and alternatively moves to amend its complaint should the Court feel plaintiff has not pled its claims with sufficient particularity.

### iii. LAW AND APPLICATION

#### 1. Failure to State a Claim

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires plaintiff provide a "short and plain statement of the claim showing that [she] is entitled to relief." A RULE 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell*

---

[1] The Court notes that defendant alternatively argues that plaintiff's Count I impermissibly commingles causes of action, negligent and intentional misrepresentation, in violation of RULE 10(b). It additionally argues that any allegations of intentional misrepresentation contained in Count I are not pled with sufficient particularity under Rule 8(b). As to Count I, plaintiff solely responds to defendant's allegations concerning negligent misrepresentation. Plaintiff does not contend that the allegations of Count I amount to a claim of intentional misrepresentation. Moreover, as the Court dismisses the negligent misrepresentation allegations of Count I on the basis of the economic loss doctrine, the Court does not address defendant's alternative arguments.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that RULE 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Seventh Circuit has offered further direction on what (post- *Twombly & Iqbal*) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), it further reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the court remarked in *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that

something has happened to her that might be redressed by the law." Judge Posner later explained that *Twombly* and *Iqbal*:

> [R]equire that a complaint be dismissed if the allegations do not state a plausible claim. The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." This is a little unclear because plausibility, probability, and possibility overlap.
>
> . . .
>
> But one sees more or less what the Court was driving at: the fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it
>
> . . .
>
> [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as "preponderance of the evidence" connote.
>
> . . .
>
> After *Twombly* and *Iqbal* a plaintiff to survive dismissal "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'"

*Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011) (citing *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009)); *see also Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011) (Plaintiff's claim "must be plausible on its face," that is, "[t]he complaint must establish a nonnegligible probability that the claim is valid."). With these principles in mind, the Court turns to plaintiff's complaint.

### 2. Economic Loss Doctrine

As the Seventh Circuit recently explained, the economic loss doctrine, known as the *Moorman* doctrine in Illinois, bars recovery in tort for purely

economic losses arising out of a failure to perform contractual obligations. *Wigod v. Wells Fargo Bank*, 673 F.3d 547, 567 (7th Cir 2012) (applying Illinois law) (citing *Moorman*, 435 N.E.2d at 448-49). There are a number of exceptions to the economic loss doctrine. However, each relies on the general rule that, "[w]here a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty." *Id.* (citing *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill.2d 137, 201 Ill.Dec. 71, 636 N.E.2d 503, 514 (1994)). Thus, the application of the *Moorman* doctrine depends on whether the defendant's duty arose by operation of contract or existed independent of the contract. *Id.* at 567-68 (citing *Catalan v. GMAC Mortg. Corp.,* 629 F.3d 676, 693 (7th Cir. 2011) (applying Illinois law); *2314 Lincoln Park West Condo. Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* 136 Ill.2d 302, 144 Ill.Dec. 227, 555 N.E.2d 346, 351 (1990)).

### 3. Count I: Negligent Misrepresentation

Under Illinois law, to state a cause of action for negligent misrepresentation, a complaint must first allege facts establishing that the defendants owed a duty to communicate accurate information. *Hoover v. Country Mut. Ins. Co.,* --- N.E.2d ----, 2012 WL 2926166, * 8 (Ill. App. July 18, 2012). Thus, in accordance with the *Moorman* doctrine, this duty must arise separately from the parties' contractual relationship. Specifically, Illinois courts have recognized a duty to communicate accurate information in two circumstances. First, Illinois courts have imposed a duty to avoid negligently conveying false

information where the information results in physical injury to a person or harm to property. *Id.* (citing *Brogan v. Mitchell Int'l., Inc.,* 181 Ill.2d 178, 183, 229 Ill.Dec. 503, 629 N.E.2d 276 (1998)). Second, Illinois courts have imposed a duty to avoid negligently conveying false information where one is in the business of supplying information for the guidance of others in their business transactions. *Id.*; *Moorman,* 435 N.E.2d at 452.

Instantly, plaintiff argues the *Moorman* doctrine does not bar its claim for negligent misrepresentation, as defendant is in the business of supplying information for the guidance of others in their business transactions. Concerning this exception's application, Illinois courts have "held that negligent misrepresentation actions are almost universally limited to situations involving a defendant who, in the course of his business or profession, supplies information for the guidance of others in their business relations with third parties." *Id.* (citing *Lang v. Consumers Ins. Serv., Inc.,* 222 Ill.App.3d 226, 235, 164 Ill.Dec. 825, 583 N.E.2d 1147 (1991); *Black, Jackson & Simmons Ins. Brokerage, Inc. v. Int'l. Bus. Mach. Corp.,* 109 Ill.App.3d 132, 135, 64 Ill.Dec. 730, 440 N.E.2d 282 (1982)).

To state a claim based on this negligent misrepresentation exception to *Moorman,* a plaintiff must demonstrate that: (1) defendant is in the business of supplying information for the guidance of others in their business dealings; (2) defendant provided information that constitutes a misrepresentation; and (3) defendant supplied the information for guidance in plaintiff's business dealings.

*Tolan and Son, Inc. v. KLLM Architects, Inc.,* 308 Ill.App.3d 18, 28, 241 Ill.Dec. 427, 719 N.E.2d 288 (1999) (citation omitted). The allegation that a defendant is in the business of providing information for the guidance of others is a legal conclusion that must be supported by well-pled factual allegations. *Id.* at 296; *Fox Assoc., Inc. v. Robert Half Int'l., Inc.,* 334 Ill.App.3d 90, 95-96, 267 Ill.Dec. 800, 777 N.E.2d 603 (2002).

Thus, this exception does not generally apply to cases involving representations made by sellers of tangible products or services to reliant buyers. *Lang,* 583 N.E.2d at 1153-54. In such a case, the information is generally incidental to the transaction, pertinent solely to the contractual dealings between the two parties, and no third party reliance is implicated. *Rankow v. First Chicago Corp.,* 870 F.2d 356, 364 (7th Cir. 1989) (applying Illinois law) ("Obviously, a great many businesses involve an exchange of information as well as tangible products- manufacturers provide operating or assembly instructions, and sellers provide warranty information of various kinds. But if we ask what the product is in each of the cases, it becomes clear that the product (a building, precipitator, roofing materials, computer or software) is not itself information, and that the information is merely incidental."); *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.,* 176 Ill.2d 160, 223 Ill.Dec. 424, 679 N.E.2d 1197 (1997); *Knox College v. Celotex Corp.,* 117 Ill.App.3d 304, 72 Ill.Dec. 703, 453 N.E.2d 8 (1983).

Accordingly, courts view the applicability of this exception on a continuum; pure information providers at the opposite end from pure good providers. *Tolan*, 719 N.E.2d at 297. Courts have held that the pure information end encompasses accountants and attorneys, *Congregation*, 636 N.E.2d at 515, insurance brokers, *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91 C 6103, 1994 WL 687579, * 15 (N.D.Ill. Dec. 7, 1994), stockbrokers, *Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Ill.App.3d 75, 24 Ill.Dec. 464, 385 N.E.2d 376 (1979), real estate brokers, *Rankow*, 870 F.2d 356; *Duhl v. Nash Realty, Inc.*, 102 Ill.App.3d 483, 57 Ill.Dec. 904, 429 N.E.2d 1267 (1981); *Olson v. Hunter's Point Homes, LLC*, 2012 WL 19649, *3 (Ill. App. Jan. 4, 2012), termite inspectors, *Perschall v. Raney*, 137 Ill.App.3d 978, 92 Ill.Dec. 431, 484 N.E.2d 1286 (1985), and environmental assessors, *Tribune Co. v. Geraghty & Miller, Inc.*, No. 97 C 1889, 1997 WL 438836 (N.D.Ill. July 25, 1997).

The tangible product end encompasses businesses that supply tangible goods and/or non-informational goods or services. Thus, while the entity may exchange information, the information relates solely to the goods or services and is thus, "supplied incidental to the sale of the product." *Tolan,* 719 N.E.2d at 297 (citation omitted). Finally, as to the businesses that lie between the two extremes, "[t]he critical question . . . is whether the information is an important part of the product offered. These businesses will be deemed to be in the business of supplying information if the information furnished along with the non-informational goods or services is central to the business transactions. *Id.* at 297-

98 (citing *Gen. Electric Capital, Corp. v. Equifax Serv., Inc.,* 797 F.Supp. 1432, 1443 (N.D.Ill. 1992)).

Applying these principles to the instant case, the Court concludes that plaintiff has failed to allege that defendant is in the business of supplying information for the guidance of others in their business dealings. As to defendant's specific business, plaintiff states it, "contracted with [defendant] to provide hardware, software and services for installation of a fully integrated telephone system at [p]laintiff[']s automobile dealerships in Carbondale, Illinois and Cape Girardeau, Missouri" (Doc. 2-1, p. 4). Further, plaintiff states defendant, "provided information to [plaintiff] concerning the purchase and installation of an integrated phone system at various automobile dealerships operated by [p]laintiff" (Doc. 2-1, p. 4). Plaintiff additionally states, "[defendant] provided the above information in the course of the business as retail sellers and installers of phone systems such as that which was provide[d] to [p]laintiff" (Doc. 2-1, p. 5).

These allegations demonstrate that any information provided to plaintiff was clearly incidental to its role as a retail seller of the phone system it sold plaintiff. Any duty existing between the parties arises solely from their contractual relationship. Defendant's product is not information, but the tangible product and services it provides as a retailer seller of phone systems. Moreover, plaintiff has not alleged that it used any information defendant provided in its business dealing with third parties. Thus, as plaintiff has not adequately alleged that defendant is

in the business of supplying information for the guidance of others in their business dealings, plaintiff's Count I is dismissed pursuant to the *Moorman* doctrine.

### 4. Count II: Negligence

Defendant additionally argues that the *Moorman* doctrine bars plaintiff's Count II: Negligence. Plaintiff's negligence claim alleges,

> 15. Plaintiff [] contracted with [d]efendant [] to provide hardware, software and services for the installation of a fully integrated telephone system at [p]laintiff's automobile dealerships in Carbondale, Illinois and Cape Girardeau, Missouri.
>
> 16. [Defendant] had a duty to exercise ordinary care in providing and installing the phone system so that it functioned properly and worked in conjunction with [p]laintiff's existing systems.
>
> 17. [Defendant], its agents and employees, were negligent and failed to exercise a reasonable degree of care in the installation of the phone system, such that the system has experienced numerous and pervasive problems as detailed more fully in Count I of this Petition.
>
> 18. As a direct and proximate result of [defendant's] negligence in installing the phone system [plaintiff] has been damaged.

(Doc. 2-1, p. 7).

Plaintiff's response fails to address the applicability of the *Moorman* doctrine to its negligence claim. Regardless, it is clear that plaintiff's negligence claim is barred pursuant to *Moorman*. The duty which plaintiff alleges defendant breached clearly arises solely from the parties' contractual relationship. Thus, plaintiff's rights are contractual in nature. If defendant breached the parties' agreement, plaintiff's remedies lie in the law of contract. *See Wells Fargo Bank,*

673 F.3d at 568 ("If, for example, an architect bungles a construction design, the *Moorman* doctrine bars the aggrieved owner's suit for negligence. The shoddy workmanship is a breach of the design contract rather than a failure to observe some independent duty of care owed to the world at large.") (citation omitted). Accordingly, plaintiff's Counts I and II are dismissed with prejudice. Plaintiff's request for leave to file an amended complaint is denied at this time, as a proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend in filed. *See* SDIL-LR 15.1.

### 5.  Count III: Breach of Contract

Finally, defendant seeks dismissal of plaintiff's Count III: Breach of Contract. Defendant's motion merely cites certain provisions of the MSAs, including warranty provisions, as the basis of its motion. Defendant states plaintiff has failed to state a claim for relief that is plausible on its face, pursuant to RULE 12(b)(6). The required elements of a breach of contract claim in Illinois are the standard common law elements: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by plaintiff of all required conditions, (5) breach, and (6) damages." *Assoc. Benefit Serv., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 849 (7th Cir. 2007) (quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC,* 364 Ill.App.3d 6, 300 Ill.Dec. 601, 845 N.E.2d 22, 30 (2006)). Plaintiff's breach of contract claims alleges,

> 20. In April, 2009, [p]laintiff and [d]efendant entered into an agreement whereby [d]efendant would install a new phone system at [p]laintiff[']s business.

21. Defendant had an obligation to perform its duties in installing the phone system in a skillful and workmanlike manner.

22. Included and implicit within the Agreement was the understanding that the phone system provided would be fit for the purpose intended and would satisfactorily perform its intended function.

23. Defendant [] breached the Agreement between the parties in that the phone system has experienced numerous and pervasive problems as detailed more fully in Count I of this Petition which [defendant] has failed and refused to address or correct and by failing to provide on-site training for the system as provided and agreed upon.

24. Plaintiff [] has duly performed all parts of the agreement required to be performed of it.

25. Defendant['s] [] breach of the agreement has resulted in damages to [p]laintiff.

(Doc. 2-1, p. 8). Accordingly, plaintiff has stated a claim for relief that is plausible on its face. The Court has not been called upon to interpret the relevant contractual provisions. Thus, defendant's motion to dismiss plaintiff's Count III: Breach of Contract pursuant to RULE 12(b)(6) is denied.

### iv. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part** defendant's motion (Doc. 9). Accordingly, plaintiff's Count 1: Negligent Misrepresentation and Count II: Negligence are **DISMISSED with prejudice**. Further, defendant's motion is **DENIED in part**, as plaintiff's Count III: Breach of Contract states a claim for relief that is plausible on its face. Finally, plaintiff's request for leave to file an amended complaint is **DENIED** at this time.

**IT IS SO ORDERED.**

Signed this 14th day of August, 2012.

Digitally signed by
David R. Herndon
Date: 2012.08.14
11:05:15 -05'00'

**Chief Judge
United States District Court**